UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   Index No.: 22-cv-2954
Dennis Sacaza,
                        Plaintiff,

**COMPLAINT**

**JURY DEMANDED**

-against-

THE CITY OF NEW YORK, DET. MICHAEL
FRIEDMAN (BBK SVS)
P.O. "JOHN DOES"
1 thru 3, of the 71st Precinct,

                        Defendants.
-------------------------------------------------------------x

Dennis Sacaza, by his attorney, Chidi Eze, Esq., complaining of the City of New York, and Detective Michael Friedman and Police Officers John Does 1 thru 3 of the NYPD 71st Precinct, upon information and belief, alleges the following:

**NATURE OF ACTION AND JURISDICTION.**

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff under Article 1 Section 12 of the State of New York Constitution and New York State Common Law and arising under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985].

2. Jurisdiction is specifically conferred on this court by the Constitution of the United States.

1

3. Venue is proper because plaintiff resides in the County of Kings, New York.

## PARTIES.

4. During all times relevant and material to this Complaint, Plaintiff was, and still is a resident of the State of New York, residing in Brooklyn, City and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation, incorporated and existing under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the defendant officers were part of the custom, practice, usage, regulation and/or direction of Defendant City of New York through their New York City Police Department (hereinafter NYPD), and as such Defendant City of New York is responsible for the actions of the officers.  Defendant City of New York is further responsible for the actions of these individuals Defendants' under the principal agent/*respondeat superior* rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES.

8. All conditions precedent for the filing of this action have been complied with: on or about June 3, 2021 written Notice of Claim, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York

may be delivered in an action in the Supreme Court. Plaintiff was assigned the Claim Number 2021PI014892.

9. At least thirty days have elapsed since the service of the Notices of Claim and their Amended versions, and an adjustment or payment of the claims have been neglected or refused by Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On November 14, 2019 at approximately 6:30 PM, as plaintiff was going into a building located at 40 Cadman Plaza West in Brooklyn to visit with a friend who resided there, when he was apprehended by two plain clothed NYPD police officers at the lobby of the building. He was immediately handcuffed and place under arrest without question. When he asked why he was being arrested, he was told that they had a warrant out for his arrest.

11. Upon being arrested, plaintiff was then was taken to a special victims precinct/unit on Flatbush Avenue, where he was told that they had an I-Card out for him, not a warrant. At this precinct, plaintiff was told that he was seen in a New York City Bus' CCTV surveillance video sexually molesting a minor; specifically that he put his hands inside her pants and touch her private parts. Plaintiff denied this allegation to no avail.

12. Plaintiff remained detailed at the Precinct until at approximately 2:00 AM the following day, being November 15, 2019, when he was taken to Central booking in Brooklyn. At Central Booking, his Legal Aid Attorney informed him that he was being charged for an alleged incident that occurred inside New York City Transit Bus B-46, on the morning **October 18, 2019**.

13. The attorney informed him that he was being charged with PL 130.52(1) (Forcible Touching), PL 130.55 (Sexual Abuse in the Third Degree), PL 240.26(1) (Harassment in the Second Degree), and PL 260.10(1) (Endangering the Welfare of a Child), which all relate to a minor girl that allegedly rode on the bus with plaintiff on said date and time.

14. Plaintiff was arraigned before a Judge on 11/15/2019 at approximately 9:30 AM, and a bail was set at $2,500.

15. As plaintiff was unable to make bail, he was taken to Brooklyn Detention Center for a week before being transported to Riker's Island. Plaintiff remained in Riker's Island until about December 12, 2019, when upon his attorney's motion, the bail was vacated and he was released on his own recognizance.

16. While Plaintiff was detained at Brooklyn Detention Center and at Riker's Island, officers and inmates assaulted him on multiple occasions, because he was charged with crimes relating to the sexual molestation of a minor.

17. Plaintiff was further humiliated when various news media outlets, including but not limited to Television and print media, ran the story of this false allegation against him, while publishing a photographic image of him at the alleged perpetrator of this heinous crime against a minor of about 15 years old. Further, the defendants printed and published image of the defendant as a person wanted in a sexual abuse of a minor case, which images was also posted at the lobby of his building.

18. Plaintiff appeared in court numerous times to defend himself against these false charges and on April 20, 2021, all the charges against him were dismissed following a motion to dismiss filed by his criminal attorney. Plaintiff alleges that he appeared in court over 20 times

4

prior to the granting of his motion to dismiss.

19. A review of the CCTV surveillance videos of the Bus in question should have informed the police not to arrest, and the District Attorneys Office not to charge, however, notwithstanding that said videos completely exonerated plaintiff, the police arrested and the DA's office charged and prosecuted these false allegation.

20. That plaintiff was arrested almost a month after the alleged incident inside the MTA Bus-46, which was enough time for the defendant to order and review the CCTV surveillance videos in question. That the defendants did in fact received and reviewed these videos prior to plaintiff's arrest, and found that no such incident occurred, yet they proceeded to arrest and charge plaintiff with these false allegations.

21. In light of the foregoing, Plaintiff has been damaged by the actions of the City of New York and its agents, as he was made to endure a degrading and humiliating public arrest and also suffered severe public humiliation when his image was posted all over his neighborhood, including the lobby of his building, as a person wanted in connection with the sexual abuse of a minor girl.

22. As a result of these false allegations and charges, plaintiff was subjected to both emotional and physical abuse by the public and inside his detention centers. Newspapers and television outlets ran the false story with the image of plaintiff appearing as the wanted perpetrator. As a result, plaintiff was abused and harassed wherever he went.

23. As a result of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was falsely arrest, falsely imprisoned, maliciously prosecuted, held in prison for over Thirty (30) days, damaged for no just cause, lost respect and dignity before family

and friends, physically and emotionally damaged, suffered reputation injuries, psychological and emotional distress, some or all of which may be permanent.

24. The Police Officers acted under pretense and color of state law, in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein was beyond the scope of their jurisdiction, without legal authority, and in direct abuse of their authority.

25. Defendant City of New York is further responsible for the actions of the individual Defendants' under the principal agent/*respondeat superior* rule and under municipal liable pursuant to section 1983.

## AND AS FOR A FIRST CAUSE OF ACTION

26. Plaintiff repeats and re-alleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for over 32 days without probable cause, deprived him of the rights, remedies, privileges, and immunities guaranteed to him under said law. Falsely accused plaintiff of a heinous and despicable crime to opened him to ridicule.

28. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights, secured to him by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

29. Plaintiff was denied freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff claims compensatory damages in the amount of $5,000,000 each, for the violation of his rights under Common Law and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for plaintiff's Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $1,000,000 each, in punitive damages.

**AND AS FOR A SECOND CAUSE OF ACTION**

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. The Defendant police officers were acting as agents' of the City of New York when they arrested and detained Plaintiff without probable cause. Therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages sustained by plaintiff as a result of the actions of these police officers.

32. Plaintiff seeks compensatory damages in the amount of $5,000,000, for the violation of his rights, resulting in severe physical, emotional and mental distress. In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff's Constitutional rights, plaintiff seeks additional $1,000,000 in punitive damages against the individual defendants.

## AND AS FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizure, secured under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments. By denying Plaintiff his Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to her by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

35. As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff seeks compensatory damages in the amount of $5,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $1,000,000 in punitive damages.

## AND AS FOR A FIFTH CAUSE OF ACTION

36. Plaintiff repeats and re-alleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. The defendants caused plaintiff to be maliciously prosecuted, when in fact they had information that would lead a reasonable person to believe that plaintiff was innocent of the charges leveled against him, in violation of State and Federal laws. Accordingly plaintiff seeks $5,000,000 in compensatory damages and $1,000,000 in punitive damages.

**AND AS FOR A SIXTH CAUSE OF ACTION**

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

39. In light of the foregoing conduct of the defendant, plaintiff was denied his right to a fair trial, secured to him under Federal and State laws, thereby the defendants are liable to plaintiff for monetary damages. Accordingly plaintiff seeks $5,000,000 in compensatory damages and $1,000,000 in punitive damages.

**AND AS FOR A SEVENTH CAUSE OF ACTION**

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 as if each paragraph is repeated verbatim herein.

41. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of the Plaintiff's Constitutional and Federal Law rights, as complained of herein, were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department, therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages sustained by Plaintiff herein.

42. Plaintiff seeks compensatory damages in the amount of $5,000,000 for the violation of his rights, which resulted in physical, emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $1,000,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $5,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $1,000,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. Attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. Such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
April 29, 2022

By: /s/ Chidi Eze
CHIDI EZE
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800